# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOUNT ZION MINISTRIES CHURCH, INC., doing business as REDEEMER CHURCH, a New York not-for-profit and religious corporation, <br><br>   Plaintiff, <br><br>     v. <br><br>TOWN OF WHITESTOWN, NEW YORK a New York municipal corporation, <br><br>   Defendant. | Civil Action No: <br> No. 6:20-cv-102 (BKS/TWD) |

## FINAL CONSENT DECREE AND ORDER OF DISMISSAL

Plaintiff, Mount Zion Ministries Church, Inc. ("Church") and Defendant, Town of Whitestown, New York ("Town") hereby stipulate and agree that this case has been settled and that all issues and controversies have been resolved to their mutual satisfaction and that this matter be dismissed with prejudice except as necessary to enforce the terms of this consent decree as set forth below and in accordance with Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375, 381-82 (1994).

IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the parties and the subject matter of this action as the Church, a New York not-for-profit corporation, asserts a federal claim against the Town, a New York municipal corporation located in this district, under the Religious Land Use & Institutionalized Persons Act, 42 U.S.C. 2000cc et seq ("RLUIPA").

2. The Church has a right under RLUIPA, 41 U.S.C. § 2000(b)(1), to have its religious assembly use treated on equal terms with the nonreligious assembly uses permitted as site plan review uses at the Church's property located in the Town at 8170 Halsey Road (Parcels SBL 316.000-1-58.1 and 58.2) ("Property") pursuant to § 200-16 of Whitestown's Zoning Code.

3. The Town shall permit the Church's religious assembly use of the Property as a site plan review use in accordance with RLUIPA, 42 U.S.C. § 2000cc(b)(1);

4. The Town shall consider the Church's site plan in good faith and diligently after the Church submits it;

5. The Town shall not oppose the Church's application to have the Property exempted from property taxes if the Church seeks such an exemption based on its intended use of the property for religious assembly; and

6. By consent of the parties, the Court shall retain jurisdiction for the limited purpose of enforcing the terms of this Final Consent Decree.

7. Except as necessary to enforce the terms of this consent decree, this case is hereby dismissed with prejudice. Each party shall bear its own attorney's fees and costs.

DATED: February ___, 2020                     ENTER:


                                              _____
                                              BRENDA K. SANNES
                                              UNITED STATES DISTRICT JUDGE

AGREED TO BY:

**Mount Zion Ministries Church, Inc.**          **Town of Whitestown, N.Y.**

/s/ Noel W. Sterett                             /s/ William P. Schmitt

Noel W. Sterett (IL Bar No. 6292008)*
Alex R. Reuter (MI Bar No. 80654)*
DALTON & TOMICH, PLC
719 Griswold Street, Suite 270
Detroit, MI 48226
(313) 859-6000
nsterett@daltontomich.com
areuter@daltontomich.com

*Lead Counsel for Plaintiff*
*\*Admitted Pro Hac Vice*

Philip J. Vecchio, Esq. (Federal Bar No. 505274)
PHILIP J. VECCHIO, P.C.
24 Huntswood Lane
East Greenbush, NY 12061
(518) 857-2897
PVecchio@nycap.rr.com

*Local Counsel for Plaintiff*

William P. Schmitt, Esq.
SCHMITT & LASCURETTES LLC
1508 Genesee Street #3
Utica, New York 13502
(315) 724-2147
office@sl-law.net
(Bar No. 102548          )

*Counsel for Defendant*

3